UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUFUS CULP,

    Defendant.

Case No. 17-20737
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [17]**

---

Rufus Culp ran a stop sign. So three Detroit Police officers riding in a nearby patrol car pulled Culp over. As one of the officers approached the driver's side of Culp's car, the officer smelled marijuana. So he asked Culp to exit the vehicle. And when Culp opened the door, the officer saw marijuana on the car's floorboard. As the officer escorted Culp to the rear of the car, the officer's partner signaled that he saw a gun in the car. Culp ran. After two of the officers chased—and eventually detained—Culp, the third searched the car. He found a handgun, marijuana, cocaine, and nearly $800 cash. As Culp had a prior felony conviction, the handgun led to federal criminal charges. Culp now says the search of the car violated the Fourth Amendment and moves to suppress the evidence found in the car. The Court conducted an evidentiary hearing on November 5, 2018 and heard testimony from two of the arresting officers.

For the reasons that follow, the motion will be denied.

**I.**

**A.**

In Spring 2016, Detroit Police Officers Darryl Cross, Brian Hanks, and David Kline were patrolling together in a marked squad car. (ECF No. 18, PageID.61.) Driving on Remington Road

in Detroit at around 4 pm, Hanks saw a white Chevrolet Impala run a stop sign heading north on Derby at a high rate of speed. (*Id.*) Hanks pulled the squad car around and followed the Impala. (*Id.*) The car turned onto Eight Mile Road, and the officers pursued through heavy, rush-hour traffic. (*Id.*) A few blocks later, Hanks brought the squad car alongside the Impala and activated the squad car's lights. (*Id.*) The driver pulled over, but before he did, Kline saw the driver reach for the light dial. (*Id.*) Hanks testified that he also saw the driver doing something with the heat vent or light fixture on the dashboard.

Cross got out of the squad car first.[1] (*Id.*) He walked up to the driver's side and immediately smelled fresh marijuana. (*Id.*) So he told the driver to get out of the car, and after initially hesitating, the driver complied. (*Id.*) When the driver opened the door, Cross says he saw "loose marijuana" on the floorboard. (*Id.*) Cross told his partners what he smelled and then Cross walked the driver to the back of the car. On the way, Cross explained that his partners were going to search the car. (*Id.*) At the same time, Kline was also peering into the car, and he gave his partners a "silent gun signal" (*id.*)—he made the shape of a gun with his hand.

The driver saw Kline give the signal and ran. (*Id.*) Hanks and Kline chased after him; Hanks on foot, Kline in the squad car. (*Id.*) Eventually they caught the driver and restrained him. (*Id.*) Cross stayed with the car. (*Id.*) And after the chase, Kline returned and searched the car's interior. In a hidden compartment behind the light dial, Kline found a gun and 13.2 grams of cocaine. (ECF No. 18, PageID.64.) On the floorboard, he found 1.8 grams of marijuana. (ECF No. 18, PageID.65.) And elsewhere in the car he uncovered nearly $800 cash. (ECF No. 18, PageID.61.)

---

[1] At the evidentiary hearing, Cross testified that he, too, saw Culp run the stop sign and that he saw Culp reach for the light dial. But his contemporaneous police report says only that Hanks witnessed Culp's traffic violation and Kline saw Culp reach for the light dial. Neither contradiction impacts the Court's ruling. Hanks testified that he saw Culp run the stop sign and one of the other officers told him Culp reached for the dial—testimony consistent with Cross' report.

The officers arrested the driver. (*Id.*)

**B.**

The driver was Rufus Culp. Initially, Culp was charged in state court. (ECF No. 17, PageID.46.) But because Culp had a prior felony conviction, the handgun recovered led to a federal firearm charge, *see* 18 U.S.C. § 922(g)(1). (ECF No. 1.) Now Culp moves to suppress the handgun and drugs. (ECF No. 17.)

**II.**

The Fourth Amendment says the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. And the amendment's baseline rule is well-settled: warrantless searches, like the one conducted here, "are per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). One of the "specifically established and well-delineated exceptions" allows police to conduct warrantless searches of automobiles. *See Carroll v. United States*, 267 U. S. 132, 153 (1925). "[U]nder the well-known automobile exception, a warrantless search of a vehicle that has been stopped lawfully is permissible if the search is based upon probable cause. *United States v. Crumb*, 287 F. App'x. 511, 513 (6th Cir. 2008) (citation omitted). "'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion, and is found to exist when there is a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *Crumb*, 287 F. App'x. at 513 (quoting *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)).

As Culp does not contest the stop of the Impala based on his failure to stop at a stop sign, the focus of the analysis is whether Defendants had probable cause to search the vehicle.

**III.**

After the officers pulled Culp over for the traffic violation, Cross got out of the squad and approached the car's driver side. He immediately smelled marijuana. The Sixth Circuit has consistently held that "the detection of a narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle." *Crumb*, 287 F. App'x at 514 (6th Cir. 2008). This includes marijuana. *See United States v. Avant*, 650 F. App'x 890, 892 (6th Cir. 2016) (smell of marijuana alone is sufficient to establish probable cause to search automobile); *United States v. McCaster*, 466 F. App'x 443 (6th Cir. 2011) (marijuana odor coming from a car gives rise to probable cause); *United States v. Foster*, 376 F.3d 577, 583–84 (6th Cir. 2004) (officer has probable cause to search vehicle regardless of whether the officer smelled fresh or burnt marijuana); *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (observing that "[t]his court has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search"); *United States v. Garza*, 10 F.3d 1241, 1246 (1993) (probable cause existed where an officer smelled marijuana coming from a vehicle). And when Culp got out of the car, Cross saw marijuana on the floorboard. Cross' police report indicates the officers recovered 1.8 grams of marijuana from Culp's car. Seeing marijuana in plain view on the floorboard—after smelling it—bolstered the officers' probable cause to search the car. *See United States v. Peters*, 743 F.3d 1113 (7th Cir. 2014) (officer finding loose marijuana in car corroborated officer's testimony that he smelled marijuana and so probable cause existed); *United States v. Delille*, No. 15-cr-882016, U.S. Dist. LEXIS 5886, *15-17 (D. Vt. Jan. 19, 2016) (where the trooper detected a strong odor of fresh burnt marijuana and "observed marijuana flake in the passenger foot well and what appeared to be streaks of marijuana flake on the passenger seat" he "had probable cause

to search the vehicle under the automobile exception to the Fourth Amendment."). So Cross smelling and then seeing marijuana in Culp's car provided probable cause for the search.

Culp counters that the police conducted a warrantless search of his car pursuant to the search-incident-to-arrest exception. (ECF No. 17, PageID.45.) He says they exceeded the scope of the exception, so the evidence should be suppressed. (*Id.*) According to Culp, he was arrested for a traffic offense. (*Id.*) And he was in handcuffs, away from the passenger compartment when the officers searched his car. (*Id.* at PageID.46.) Thus, he had no ability to grab a weapon from the car and posed no threat of danger to the officers, and there was no evidence of his traffic offense in the vehicle. So, citing *Arizona v. Gant*, 556 U.S. 332 (2009), Culp says the officers had no ground to search his van incident to his arrest. (*Id.* at PageID.46–47, 49.)

Culp might be right if a search incident to arrest was the only applicable exception. But it is not. As addressed, the Government is relying on the automobile exception to the warrant requirement to justify the search and seizure of the gun and drugs. *See Gant*, 556 U.S. at 346 (holding that "[o]ther established exceptions to the warrant requirement authorize a vehicle search under additional circumstances" such as "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity"); *see also United States v. Kellam*, 568 F.3d 125, 136 n.15 (4th Cir. 2009) (distinguishing *Gant* where officers detected a "localized smell of marijuana" in the defendant's car and so had probable cause to search); *United States v. Conerly*, No. 10-20380, 2010 U.S. Dist. LEXIS 120416, at *8–9 (E.D. Mich. Nov. 15, 2010) (distinguishing *Gant* where officers formed probable cause to search in the course of a traffic stop); *United States v. Arnold*, No. 08-20556 2009 U.S. Dist. LEXIS 87215, at *23–25 (E.D. Mich. Sept. 23, 2009) (same). Cross, Hanks, and Kline admit they pulled Culp over solely on the suspicion of a traffic violation. But again, once they smelled marijuana coming from the vehicle, the officers had probable cause to

5

search the Impala. *See Gant*, 556 U.S. at 346. So the search was reasonable, and the officers did not violate Culp's Fourth Amendment rights.

Accordingly, for all of the reasons set forth above, Culp's motion to suppress (ECF No. 17) is DENIED.

SO ORDERED.

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

Date: November 13, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, November 13, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

                                            s/William Barkholz
                                            Case Manager